IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CR114-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **MONEY JUDGMENT AND** |
| ) | **PRELIMINARY ORDER OF** |
| v. ) | **FORFEITURE** |
| ) | |
| ) | |
| (1) ROBERT M. BOSTON ) | |

**THIS MATTER** is before the Court on the government's Motion for Money Judgment and Preliminary Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), (Doc. No. 98); the defendant's response in opposition, (Doc. No. 90); and the government's reply, (Doc. No. 91). For the reasons below, the Court will grant the motion.

In September 2017, a Grand Jury returned a Superseding Bill of Indictment charging the defendant and Robert LaBarge with wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count One); substantive wire fraud, in violation of 18 U.S.C. § 1343 (Count Two); securities fraud, in violation of 15 U.S.C. §§ 78j and 78ff (Count Three); and conspiracy commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Four). (Doc. No. 34). The Indictment also contained a probable cause finding for forfeiture of a money judgment in the amount of at least $25,000,000 and, among other items, the certain real properties. (Id. at 7-8).

LaBarge pled guilty and stipulated that they obtained millions of dollars from investors in ZLOOP, an electronic waste recycling company, some of which

1

was used to purchase of real estate for him and the defendant. (Doc. No. 42: Factual Basis at 2-3). The defendant was found guilty on all counts by a jury, (Doc. No. 71: Verdict), but waived jury determination of forfeiture.

The defendant's conviction for violating the conspiracy and fraud statutes at issue in this case renders any property which constitutes or is derived from proceeds traceable to such violation subject to forfeiture to the United States. 18 U.S.C. § 981(a)(1)(A), (C); 28 U.S.C. § 2461(c). Courts use a nexus test to determine whether assets constitute or are derived from proceeds. *United States v. Farkas*, 474 F. App'x 349, 359 (4th Cir. 2012) (*citing Libretti v. United States*, 516 U.S. 29 (1995) and *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003)). Courts use the "but for" test to determine whether there is a nexus between a crime and properties that the government contends are proceeds. *Id.* at 359-60. "Pursuant to this test, [assets] are considered proceeds and therefore deemed forfeitable if a person would not have [the assets] but for the criminal offense.'" *Id.* (collecting cases from the Seventh Circuit, D.C. Circuit, Second Circuit, Eastern District of Virginia, and Western District of New York) (internal quotation marks omitted). "Strict tracing from a particular criminal act to a particular asset is not required if the totality of the circumstances establish that the asset constitutes or is derived from proceeds." *United States v. Guess*, 2015 WL 1208882, at *2 (W.D.N.C. March 17, 2015) (citing cases from the Sixth Circuit, the District of Maryland, and the Eastern District of Virginia).

Further, any person convicted of violating the money laundering laws shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property. 18 U.S.C. § 982(a)(1)(A). Property "involved in" money laundering includes both the criminally derived proceeds and the legitimately obtained property commingled with the criminally derived proceeds in a money laundering transaction. *United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013).

Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853 support imposition of a forfeiture money judgment when directly forfeitable assets have been rendered unavailable. *United States v. Chamberlain*, 868 F.3d 290, 296 (4th Cir. 2017). The substitute property provisions apply if, as a result of any act or omission of defendant, the otherwise forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. 21 U.S.C. § 853(p)(1)-(2). Rule 32.2 provides in pertinent part as follows: "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Butler*, 578 F. App'x 178, 182 (4th Cir. 2014) (district court must find nexus between forfeiture calculation and crime).

The government's burden of proof on forfeiture is preponderance of the evidence. United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003). The Court's

3

"determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); see also *Farkas*, 474 F. App'x at 360 (4th Cir. 2013) (court may rely on trial record to determine forfeiture). The government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

In this case, the government has limited its request to a money judgment to $1,696,397.42, that is, the amount of fraud proceeds and property involved in money laundering conspiracy transferred from ZLOOP to the defendant and/or an entity that he controlled, rather than the alleged $33 million in fraud proceeds that ZLOOP obtained while under the defendant's direction.[1] The defendant objects by arguing that amount of forfeiture does not relate to assets "currently" in his possession and that a money judgment is "problematic" because he is destitute. (Doc. No. 90: Memorandum at 2). The United States Court of Appeals for the Fourth Circuit has rejected that position stating:

> The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. Forfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of the sentencing hearing.

---

[1] Accordingly, the government's position is in keeping with the Fourth Circuit's recent decision in *United States v. Chittenden*, --- F.3d --- (4th Cir. 2018), limiting forfeiture of proceeds to those personally obtained by a defendant.

4

*United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) (recognizing this rule as "embraced by a unanimous and growing consensus among the circuits" (internal quotation marks and citations omitted)).[2]   Additionally, the dissipation of the criminal proceeds makes a money judgment "especially appropriate." *Id.* at 145. Based on the preponderance of the evidence in the trial record and attached to the government's motion,[3] the Court finds that it is appropriate to enter a $1,696,397.42 money judgment for the fraud proceeds and properties involved in the defendant's offenses, including money laundering conspiracy, that are attributable to the defendant and that are no longer available, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), the substitute property provisions of 21 U.S.C. § 853(p), and Rule 32.2(b)(1)(A).

Additionally, the defendant argues on one hand that he has no interest in the real properties and related limited liability companies detailed in the government's motion, and on the other hand objects to their forfeiture on the basis of a lack of nexus to the crimes of conviction. (Doc. No. 90: Memorandum at 6).   He asserts that the Fourth Circuit has not yet ruled on the legality of the forfeiture of

---

[2] The defendant's argument based on statutory interpretation that entry of a money judgment is prohibited, (Doc. No. 90: Memorandum at 2-5), has likewise been rejected by the Fourth Circuit, *Blackman*, 746 F.3d at 145 ("It is well settled that nothing in the applicable forfeiture statutes suggests that money judgments are forbidden." (internal quotation marks and citations omitted).

[3] The defendant has not contested the exhibits attached to the government's motion, (Doc. No. 90: Memorandum), which the Court accepts as relevant and reliable, pursuant to Fed. R. Crim. P. 32.2(b)(1)(B).

5

comingled funds, (Id.), yet, that court has stated:

> Under Section 981(a)(1)(A), any real or personal property "involved in" a money laundering transaction in violation of Section 1957 is subject to civil forfeiture. 18 U.S.C. §981(a)(1)(A). Consequently, when legitimate funds are comingled with property involved in money laundering or purchased with criminally derived proceeds, the entire property, including legitimate funds, is subject to forfeiture.

*Kivanc*, 714 F.3d at 794.

The trial record and FA Zigmont's Affidavit and supporting documents, (Doc. No. 89-1), establish in detail the flow of money from ZLOOP investors into the Lake Hickory Property, Lake Hickory Holdings LLC, the Evanston Falls Property, and the Evanston Falls LLC, more particularly described below. Thus, the Court finds by a preponderance of the evidence that they are assets constituted or are derived from proceeds of and property involved in the offenses of which the jury found the defendant guilty, including money laundering conspiracy, making them subject to forfeiture.

**WHEREFORE**, based on the aforementioned record whereby the government has established, by a preponderance of the evidence, both satisfaction of the substitute property provision and a nexus between the money judgment and counts of conviction, and a nexus between the real properties and LLCs and the counts of conviction, the government's Motion for Money Judgment and Preliminary Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. §§ 981(a)(1)(A)(C) and 982(a)(1), (Doc. No. 98), is **GRANTED**, the following property is ordered forfeited pursuant to Fed. R. Crim. P. 32.2(b), and the government is authorized to take and

maintain custody of the property for forfeiture:

- A forfeiture money judgment in the amount of $1,696,397.42, such amount constituting the proceeds of the counts of conviction and property involved in the money laundering conspiracy by the defendant; this amount shall be reduced by the net proceeds of liquidation of any finally forfeited assets;
- The real property at 6698 Dam Cove Road, Conover, North Carolina, more particularly described in a deed at Catawba County Book 03297, Pages, 1458-1459, and identified as Parcel 374502793020 ("the Lake Hickory Property");
- The real property at 8102 Evanston Falls Road, Huntersville, North Carolina, more particularly described in a deed at Mecklenburg County Book 30708, Pages 157-158, and identified as Parcel 00537851 ("the Evanston Falls Property");
- Any and all interest in Lake Hickory Holdings, LLC ("the Lake Hickory LLC"); and
- Any and all interest in 8102 Evanston Falls Road, LLC ("the Evanston Falls LLC")

Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order to the extent that the order pertains to the specific real properties and LLCs; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited Funds must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any

7

additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as to the real properties and LLCs.

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge